1
2
3
4                           UNITED STATES DISTRICT COURT
5                                 DISTRICT OF NEVADA
6    RICHARD MILBOURN,                          Case No. 3:16-cv-00541-MMD-WGC
7                               Plaintiff,       **REPORT & RECOMMENDATION OF**
                                                 **U.S. MAGISTRATE JUDGE**
8            v.
9    HILLARY RODHAM CLINTON,
10                             Defendant.
11

12          Before the court is Plaintiff's application to proceed in forma pauperis (Electronic Case

13   Filing (ECF) Nos. 4, 7)  and pro se complaint (ECF No. 1-1).

14                  **I. APPLICATION TO PROCEED IN FORMA PAUPERIS**

15          A person may be granted permission to proceed in forma pauperis if the person "submits

16   an affidavit that includes a statement of all assets such [person] possesses [and] that the person is

17   unable to pay such fees or give security therefor. Such affidavit shall state the nature of the

18   action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C.

19   § 1915; *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that this provision

20   applies to all actions filed in forma pauperis, not just prisoner actions).

21          In addition, the Local Rules of Practice for the District of Nevada provide: "Any person,

22   who is unable to prepay the fees in a civil case, may apply to the Court for authority to proceed

23   *in forma pauperis*. The application shall be made on the form provided by the Court and shall

24   include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities."

25   LSR 1-1.

26          "'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some

27   particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

28   (quoting *Jefferson v. United States*, 277 F.2d 823, 725 (9th Cir. 1960)). A litigant need not "be

absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

> When a prisoner seeks to proceed without prepaying the filing fee:
> [I]n addition to filing the affidavit filed [as described above], [the prisoner] shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2).Notwithstanding the foregoing:

> [I]f a prisoner brings a civil action...in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint of notice of appeal.
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(1), (2).

Plaintiff's certified account statement indicates that his average monthly balance for the last six months is $.08, and his average monthly deposits are $0.

Plaintiff's application to proceed in forma pauperis should be granted. Since his average monthly deposits are $0 and his average monthly balance for the last six months is nearly $0, he should not be required to pay a partial initial filing fee. Whenever his prison account exceeds $10, he should be required to make payments as provided in 28 U.S.C. § 1915(b)(2).

## II. SCREENING

### A. Standard

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that...the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122,

1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2)(B) when reviewing the adequacy of the complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing the complaint under this standard, the court must accept as true the allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff brings this action against Hillary Rodham Clinton for espionage, treason in violation of the Secrecy Act (FISA) by theft of United States classified secrets which were sold to enemy nations, and for giving aid and comfort to the enemy giving rise to the crime of international and domestic homicide. (ECF No. 1-1.) Plaintiff makes vague reference to Al Qaeda, Oklahoma City, Pablo Escobar, September 11th, Benghazi, and demands one billion dollars, attachment of all assets of the Clinton foundation and offshore holdings and profits. (*Id*.)

To the extent Plaintiff references crimes of espionage and treason, federal criminal statutes do not provide a basis for civil liability. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Plaintiff's allegations are otherwise vague, confusing and fail to state any colorable civil claim for which relief may be granted. There is no plausible basis upon which Plaintiff can amend his complaint to correct these deficiencies; therefore, it is recommended that the action be dismissed with prejudice.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order:

(1) **GRANTING** Plaintiff's application to proceed in forma pauperis (ECF No. 4); however, pursuant to pursuant to 28 U.S.C. § 1915(b), he is still required to pay the full amount of the filing fee over time. Since his average monthly deposits are $0 and his average monthly balance for the last six months is nearly $0, he should not be required to pay a partial initial filing fee. Whenever his prison account exceeds $10, he should be required to make payments as provided in 28 U.S.C. § 1915(b)(2) until the filing fee is paid.

(2) Directing the Clerk to **FILE** the Complaint (ECF No. 1-1); and

(3) **DISMISSING** the action **WITH PREJUDICE**.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

1        2. That this Report and Recommendation is not an appealable order and that any notice of

2   appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed

3   until entry of judgment by the district court.

4   DATED:  September 30, 2016.

 

 

                                   _____

                                   WILLIAM G. COBB
                                   UNITED STATES MAGISTRATE JUDGE