UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD MILBOURN,<br><br>　　　　　　　　　　　Plaintiff,<br>　　v.<br>HILLARY RODHAM CLINTON, et al.,<br><br>　　　　　　　　　　　Defendant.. | Case No. 3:16-cv-00541-MMD-WGC<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

　　　　Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 8) ("R&R" or "Recommendation") relating to plaintiff's application to proceed *in forma pauperis* (ECF Nos. 4, 7) and *pro se* complaint (ECF No. 1-1). The R&R recommends dismissing this action with prejudice for failure to state a claim. Plaintiff had until October 17, 2016, to object to the Recommendation. No objection to the R&R has been filed. Instead, Plaintiff filed a Motion to Dismiss ("Motion") (ECF No. 9) wherein he claims that "despite prohibitions against third party intervention and the providing of legal advice, . . . the Magistrate Judge 'issued a 'Report and Recommendation' amounting to legal fiction." (*Id.* at 1.)  Plaintiff further indicates that he must have initiated the incorrect process and therefore moved to dismiss this matter in its entirety, "thereby mooting the 'Report and Recommendation.'"  (*Id.*)

　　　　This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is

required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review*. See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

To the extent Plaintiff is attempting to object to the R&R by filing his Motion, Plaintiff's objection is overruled. The Court is required to screen Plaintiff's complaint because he is seeking leave to proceed *informa pauperis*. 28 U.S.C. § 1915. His complaint was not screened because of purported "third party intervention" as Plaintiff suggests in this Motion. As to the claims in the complaint, the Court agrees with the Magistrate Judge that they are vague, conclusory and indeed frivolous.

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 8) is accepted and adopted in its entirety.

It is further ordered that plaintiff's application to proceed *in form pauperis* (ECF No. 4) without having to prepay the full filing fee is granted. Plaintiff will not be required to pay an initial installment fee; however, pursuant to pursuant to 28 U.S.C. § 1915(b), he is still required to pay the full amount of the filing fee over time. Since his average

monthly deposits are $0 and his average monthly balance for the last six months is nearly $0, he will not be required to pay a partial initial filing fee. Whenever his prison account exceeds $10, he will be required to make payments as provided in 28 U.S.C. § 1915(b)(2) until the filing fee is paid.

It is further ordered that the Clerk detach and file the complaint (ECF No. 1-1).

It is further ordered that the complaint be dismissed with prejudice.

It is further ordered that Plaintiff's Motion to Dismiss (ECF No. 9) is denied.

The Clerk is instructed to close this case.

DATED THIS 28th day of October 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE